IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:01CR259** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| **ELIAS ZAVALA,** | ) | |
| a/k/a Shannon Estrada, | ) | |
| a/k/a Francisco Alvarez-Estrada, | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the matter of the resentencing hearing ordered by the Eighth Circuit Court of Appeals (Filing No. 125) and the parties' responses (Filing Nos. 145, 146) to the Court's previous order (Filing No. 144).

On December 7, 2004, the Court granted the motion pursuant to 28 U.S.C. § 2255 filed by the Defendant, Elias Zavala. The relief granted was appointment of new counsel and allowing Zavala to file a notice of appeal. (Filing No. 110.) On October 31, 2005, the Eighth Circuit Court of Appeals vacated the sentence imposed and remanded the case for resentencing under an advisory sentencing guideline scheme in light of *United States v. Booker,* 543 U.S. 220 (2005). (Filing No. 123.) In its previous order soliciting the parties' sentencing statements, the Court referred to a "plenary" sentencing hearing. However, the Court notes that the Eighth Circuit has repeatedly stated that as long as a district court applies the guidelines as an advisory, as opposed to a mandatory, system, the court may find facts at sentencing under the preponderance of the evidence standard. In fact, the Eighth Circuit has emphasized that *Booker* has not changed the standard of proof to be applied at sentencing. *United States v. Sandoval-Rodriguez,* 452 F.3d 984, 989 (8th Cir.), *cert. denied,* 2006 WL 2944948 (Nov. 13, 1996); *United States v. Pirani,* 406 F.3d 543, 551

& n.4 (8th Cir.), *cert. denied,* 126 S. Ct. 266 (2005).  Therefore, after considering the parties' statements (Filing Nos. 145, 146) in light of the Eighth Circuit's language in this case as well as its consistent statement of post-*Booker* law, the Court concludes that the sole issue to be addressed in resentencing Zavala is a sentence pursuant to an advisory, as opposed to mandatory, guideline scheme.  The resentencing hearing will not be a plenary hearing encompassing the many issues raised by Zavala.  The hearing will be scheduled for a 30-minute period.  Any objection to this approach may be made on the record at the resentencing hearing.

    IT IS ORDERED:

    1.    The resentencing hearing will be scheduled by separate order for a 30-minute time period; and

    2.    The sole issue to be addressed is resentencing pursuant to an advisory sentencing guideline scheme.

DATED this 6th day of December, 2006.

                      BY THE COURT:

                      s/Laurie Smith Camp
                      United States District Judge